UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicholas Queen, # 29623-037, | ) C/A No. 2:11-2573-SB-BHH |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Darlene Drew, *Warden, FCI Bennettsville*, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is a federal inmate at FCI-Bennettsville. He is serving a sentence of 562 months for bank robbery. He was sentenced on September 30, 1994, in the United States District Court for the District of Maryland. On page 2 of the Petition, Petitioner states that "Institutional staff member Mr. Rivera of the records department informed Petitioner that the claim herein is a legal matter which Petitioner must resolve by judicial action because the institution will not alone remedy this type of complaint." Petitioner, therefore, requests "this court to allow this petition to proceed on the grounds that exhaustion of administrative remedies would be futile."

Petitioner contends that his present custody in federal prison is in violation of *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), because federal prison officials are incapable of verifying that his current custody is authorized by a federal commitment order of the United States District Court for the District of Maryland.

Petitioner states that he was "ordered . . . into the Federal Bureau of Prisons" on October 7, 1994, and on October 24, 1994, was "designated" to the United States Penitentiary in Lewisburg (USP Lewisburg) in Pennsylvania. The United States Marshals Service subsequently informed the Bureau of Prisons that Plaintiff should have been returned to state custody in Maryland before serving his federal sentence because Petitioner's custody before the United States District Court for the District of Maryland had been secured via a writ of habeas corpus ad prosequendum. The United States Marshals Service transported Petitioner to state officials in Maryland. Petitioner states that on April 24, 1995, he was returned to the custody of federal prison officials "in the absence of any federal court committment [*sic*] to the custody of the Federal Bureau of Prisons[,] And as such therefore in violation of the 5th Amendment."

Petitioner's requested relief is a court order directing "federal prison officials to obtain from the United States District Court of Maryland, Northern Division, a federal committment [*sic*] order verifying that petitioner's current custody is legal, or within five (5) days of this courts [*sic*] order release Petitioner from federal custody." (Petition, at page 5).

Online records for the United States District Court for the District of Maryland indicate that Petitioner was convicted, in a jury trial, of six counts relating to two incidents of bank robbery in Criminal No. 1:93-CR-0366-WMN-1. Petitioner's convictions were affirmed on direct appeal in *United States v. Queen*, No. 94-5751, 73 F.3d 359 [Table], 1995 U.S. App. LEXIS 36307, 1995 WL 756347 (4th Cir. Dec. 21, 1995).

2

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Petitioner has not exhausted his BOP remedies. Petitioner must complete the administrative process before bringing an action pursuant to 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973). *See also* 28 C.F.R. § 542.13(b); and *Benavides v. Mitchell*, Civil Action No. 2:10-0491-JFA-RSC, 2010 WL 1498162, *2-*3 (D.S.C. March 10, 2010) (magistrate judge's report and Recommendation: federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court), *adopted*, 2010 WL 1463417 (D.S.C. April 12, 2010), which cites *Hernandez v. Steward*, No. 96-3222 SAC, 1996 U.S.Dist. LEXIS 18076, 1996 WL 707015 (D. Kan. Nov. 27, 1996) (same).[2]

---

[2]In *Hernandez v. Steward,* the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied,* 116 S. Ct. 112 (1995).
>
> The declaration of Robert Bennett, the administrative remedy coordinator at the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural

(continued...)

First, Petitioner must file a formal grievance with the Warden of his prison (using a Form BP-9). *See* 28 C.F.R. § 542.13(b). When the Warden of FCI-Bennettsville has issued his determination on Petitioner's formal grievance, only the first step of the formal administrative process will have been completed. Hence, if unsuccessful, Petitioner must appeal the Warden's determination (using a Form BP-10) to the Regional Director of the Federal Bureau of Prisons, and, if necessary, will have to appeal to the Office of General Counsel (using a Form BP-11). 28 C.F.R. § 542.15. *See also Williams v. O'Brien*, 792 F.2d at 987. Petitioner "has no alternative but to comply" with these administrative

---

(...continued)
       grounds pursuant to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.

       Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.

       IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

*Hernandez v. Steward*, at \*1-\*2.

procedures. *Williams v. O'Brien*, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court); and *Peterson v. Lappin*, Civil Action No. 07-cv-00774-DME, 2007 U.S. Dist. LEXIS 59389, 2007 WL 2332083 (D. Colo. Aug. 14, 2007), which was an order entered by the Honorable David M. Ebel, United States Circuit Judge, sitting by designation:

> The available record here indicates that Mr. Peterson filed the instant Habeas Application without complying with the administrative remedies provided pursuant to the Administrative Remedy Program. Documents submitted by Director Lappin indicate that Mr. Peterson filed, and received a substantive response to, an administrative request regarding the instant issue submitted pursuant to the Administrative Remedy Program after having filed this Habeas Application. There is no evidence that Mr. Peterson has ever appealed to the BOP's General Counsel, the "final administrative appeal" in the Program. 28 C.F.R. § 542.15(a). Mr. Peterson has also not provided any reason to believe that following through with the available administrative appeals process would have been useless or futile; merely having his initial requests denied is certainly not a sufficient reason to waive the requirement of exhausting available administrative appeals. Accordingly, we must dismiss this Habeas Application.

*Peterson v. Lappin*, 2007 WL 2332083 at *2. *See also Shoup v. Shultz*, Civil No. 09-0585 (RBK), 2009 U.S. Dist. LEXIS 46955, 2009 WL 1544664 (D.N.J. June 2, 2009) ("Consequently, no administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office."), which is cited in *Benavides v.*

*Mitchell*.[3]  Since the document that Petitioner seeks is in the records section of the Federal Bureau of Prisons, Petitioner should exhaust his available BOP remedies to obtain a copy.

Moreover, it appears that Petitioner's claims have already been decided adversely to Petitioner by the United States District Court for the District of Maryland and the United States Court of Appeals for the Fourth Circuit.  See *United States v. Queen*, No. 99-7471,

---

[3]*Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints), is being applied to the Federal Bureau of Prisons by federal courts in civil rights cases. Even so, in a habeas corpus action, such as the above-captioned case, Petitioner must exhaust his administrative remedies in the Federal Bureau of Prisons.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion required under 28 U.S.C. § 2241); and *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 U.S. Dist. LEXIS 54310, 2007 WL 2155544 (M.D. Pa. July 26, 2007), *affirmed*, No. 07-3387, 271 Fed.Appx. 158, 2008 U.S.App. LEXIS 7350, 2008 WL 902984 (3rd Cir. April 4, 2008), where the district court held that *Jones v. Bock* was not applicable to habeas corpus actions brought pursuant to 28 U.S.C. § 2241:

> We will adopt the report with respect to the failure to exhaust administrative remedies.  A federal prisoner must exhaust his administrative remedies prior to filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996).  A district court may use its inherent power to dismiss, sua sponte, a complaint which concedes that the prisoner failed to exhaust his administrative remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir.2002). *See also Sulaski v. Lindsay*, CV-06-2482, 2007 WL 1031457, at *1 (M.D.Pa. March 29, 2007) (Rambo, J.) (relying on *Ray* for sua sponte dismissal of an unexhausted § 2241 petition).  Lindsay's reliance on *Jones*, *supra*, a recent Supreme Court case, is unavailing.  As quoted in Lindsay's brief, the *Jones* Court concluded that "failure to exhaust is an affirmative defense under the PLRA." 127 S.Ct. at 921 (emphasis added). The PLRA, however, does not apply to habeas corpus proceedings. *Watkins v. Holt*, 177 Fed. Appx. 251, 253 n. 4 (3d Cir.2006) (nonprecedential) (citing *Booth v. Churner*, 206 F.3d 289, 295 (3d Cir.2000); *Santana v. United States*, 98 F.3d 752, 756 (3d Cir.1996)). Therefore, *Jones* is not controlling in our analysis.

7

208 F.3d 211 [Table], 2000 U.S. App. LEXIS 4050, 2000 WL 281700 (4th Cir. March 16, 2000):

> *PER CURIAM.*
>
> Nicholas James Queen appeals the district court's order denying his Fed.R.Civ.P. 60(b)(4) motion requesting immediate release from federal incarceration. Because the claims raised in the motion do not fall within the parameters of Rule 60(b), we affirm. To the extent that Queen challenges federal authorities' power to take custody of him after his release from state custody, that claim should be raised in a 28 U.S.C.A. § 2241 (West Supp.1999) motion brought in the district of confinement. To the extent that Queen objects to the district court's letter to the Bureau of Prisons clarifying that the court's intent was that Queen's federal sentence run concurrently with his state sentence, we note that the letter did not amend or modify Queen's original sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
>
> *AFFIRMED.*

2000 WL 281700 at *1.[4]

The docket sheet in 1:93-cr-00366-WMN-1 also shows that on July 25, 2005, Petitioner filed, in the District of Maryland, a "MOTION to Vacate the Court's October 7th, 1994 Judgment as Void, the Court's June 8th, 2004, Judgment as Mistake, and the Court's September 30, 1994, Judgment as Mistake, Pursuant to Rule 60(b)" (Docket Entry No. 184). That motion was, apparently, denied on August 31, 2006 (Docket Entry No. 192 and Docket Entry No. 193).

---

[4]The letter from the United States District Court for the District of Maryland to the Federal Bureau of Prisons is referenced in Docket Entry No. 126 (June 1, 1998) in Criminal No. 1:93-cr-00366-WMN-1 (D. Md.).

8

Petitioner has also presented his claims to the United States District Court for the Eastern District of California prior to his transfer to FCI-Bennettsville. *See Queen v. Rios*, No. 1:09-cv-01224-SKO-HC, 2011 U.S. Dist. LEXIS 14359, 2011 WL 475066 (E.D. Cal. Feb. 4, 2011), which had been filed by Petitioner in 2009, when he was confined at USP Atwater. The district court in California noted that the United States District Court for the Middle District of Pennsylvania had found that Petitioner was not prejudiced by his transfer to Maryland state officials in 1994 because the Federal Bureau of Prisons gave Petitioner "continuous credit" for his state and federal sentences:

> The Court takes judicial notice of the docket and docketed orders in *Nicholas J. Queen v. Donald Romine, Warden*, 3:98-cv-02074-RPC-JVW, a proceeding in the United States District Court, Middle District of Pennsylvania. The full text of the Court's order of January 21, 2000, denying the petition for writ of habeas corpus is not available in the PACER electronic docket system. However, the docket reflects that Petitioner appealed from the judgment after an unsuccessful motion for a new trial that was construed as a motion for reconsideration. (Docs. 19-21, 23-29.) After the judgment was affirmed on appeal, Petitioner moved in the District Court for relief from the judgment pursuant to Fed.R.Civ.P. 60(b) on November 29, 2001. (Doc. 30.)
>
> The documents subject to judicial notice establish that the District Court for the Middle District of Pennsylvania determined the legality of Petitioner's detention with respect to Petitioner's claim concerning a right to release based on the piecemeal service of his sentence. In his Rule 60(b) motion in the District Court for the Middle District of Pennsylvania, Petitioner attached portions of the court's order of January 21, 2000, in which the court had denied the petition. (Doc. 30, 5, 10-12.) He also described the order in a subsequent motion. (Doc. 47, 3.)
>
> The portions of the order set forth in Petitioner's Rule 60(b) motion reflect that the District Court concluded that Petitioner's federal and state sentences were intended to be served concurrently. Petitioner received continuous credit

9

>toward service of his federal sentence from September 30, 1994, the date sentence was imposed, as well as credit on his federal sentence for all time spent in pre-trial detention on state charges, from June 4, 1993, through September 19, 1993. Petitioner had argued in the petition that his return to Maryland state custody on December 16, 1994, was improper because it caused him to serve his federal sentence in a piecemeal fashion, and it warranted immediate release.  The court concluded that Petitioner was in federal custody via a writ of habeas corpus ad prosequendum when sentenced in federal court; the state retained primary jurisdiction of Petitioner, so his placement in federal prison in October 1994 was erroneous and did not constitute commencement of service of his federal sentence.  Therefore, when Petitioner was returned to federal custody, there was no piecemeal service of the federal sentence. (Doc. 30, 10-12; doc. 47, 3.)

2011 WL 475066 at *2-*3 (footnote omitted).

The case cited by Petitioner, *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), is not on point. *Sellers v. Bureau of Prisons*, which was an action under the Privacy Act, did not concern a Judgment and Commitment from a district court, but inaccuracies (relating to a dismissed bank robbery charge) in a 1979 Pre-Sentence Report in a prisoner's inmate files in the Federal Bureau of Prisons.  In *Sellers*, the federal probation office acknowledged that the 1979 Pre-Sentence Report was not accurate and asked the Bureau of Prisons and the United States Parole Commission to return the inaccurate Pre-Sentence Report.  The two agencies failed to do so.  The United States Court of Appeals for the District of Columbia Circuit remanded the case to the district court "to determine whether the Bureau of Prisons and the Parole Commission wilfully or intentionally failed to maintain Mr. Sellers's records in accordance with sections (e)(5) and (g)(1)(C) of the [Privacy] Act."  *Sellers v. Bureau of Prisons*, 959 F.2d at 313.

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

October 18, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).