IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nicholas Queen, | ) | |
| | ) | |
| Petitioner, | ) | C/A No. 2:11-2573-TMC |
| | ) | |
| versus | ) | **OPINION & ORDER** |
| | ) | |
| Darlene Drew, Warden, FCI Bennettsville, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court pursuant to a "Motion for Reconsideration" (Dkt. # 24) filed by the Petitioner which requests reconsideration of that order of the court filed January 12, 2012 (Dkt. # 21) which directed that the Petition in this action be dismissed without prejudice and without requiring the Respondent to file an Answer or Return. For the reasons set forth below, said motion is denied.

## PROCEDURAL HISTORY

Petitioner is a federal inmate at FCI-Bennettsville, serving a 562 month sentence for bank robbery. Petitioner filed this action on September 27, 2011 seeking federal habeas relief pursuant to 28 U.S.C. 2241 (Dkt. # 1). Pursuant to statute and local rule, the matter was referred to United States Magistrate Judge Bruce Howe Hendricks, who issued a Report and Recommendation filed October 18, 2011, which recommended that the Petition be dismissed without prejudice and without requiring the Respondent to file an Answer or Return (Dkt. # 11). The Report advised the Petitioner of his right to file objections to same. Petitioner filed objections to the Report on October 24, 2011 (Dkt. # 17). The Petitioner's objections essentially alleged that the findings of the Magistrate

Judge were "erroneous" and restated the arguments set forth in his original Petition, which asserted that "exhaustion of administrative remedies would be futile".

This court entered its Opinion and Order on January 12, 2012 (Dkt. # 21), which adopted the Report of the Magistrate Judge and dismissed the Petition without prejudice and without requiring the Respondent to file an Answer or Return. Petitioner filed a Motion for Reconsideration (Dkt. # 24) and Notice of Appeal (Dkt. # 26) on January 19, 2012. On February 6, 2012, the court was advised that further proceedings on the appeal would be suspended pending a ruling on Petitioner's Motion (Dkt. # 29).

## DISCUSSION

The court has carefully reviewed Petitioner's Motion. As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will consider the motion as a Rule 59 Motion to Alter or Amend the Judgment.

The Fourth Circuit has held that such a motion should be granted only for three reasons, to-wit: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F. 2d. 1076, 1081 (4th Cir. 1993); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). Rule 59 motions may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment", *Wright, Miller & Kane: Federal Practice and Procedure,* §2810.1 (2nd Ed.).

## CONCLUSION

Petitioner's Motion does not assert any ground or reason which would justify a modification to the prior Order of the court. Upon review of the subject motion, the court is unable to discern any material fact or principal of law that was overlooked or

disregarded in the Opinion and Order filed January 12, 2012, and finds that oral argument would not aid in the decision-making process. Accordingly, upon application of the standard as set forth herein, it is **ORDERED** that the Petitioner's Motion for Reconsideration (Dkt. # 24) is hereby **DENIED**.

    **IT IS SO ORDERED.**

                                      s/Timothy M. Cain
                                      United States District Judge

Greenville, SC

February 7, 2012